UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STACY M. SWIMP,

    Plaintiff,

v.

Case No. 2:06-cv-44
HON. GORDON J. QUIST

LINDA METRISH, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Stacy M. Swimp, an inmate at the Parnall Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Warden Linda Metrish, who was employed by the MDOC at the Hiawatha Temporary Correctional Facility (HTF) during the pertinent time period. Plaintiff is asserting that Defendants retaliated against him for his use of the grievance system by transferring him to a prison where he was unable to complete the Assaultive Offender Program, a prerequisite for parole. Plaintiff claims that defendants' conduct violated his rights under the First Amendment. Plaintiff seeks compensatory and punitive damages.

Presently before the Court are Defendants' Motions to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to demonstrate exhaustion of administrative remedies, and Plaintiff's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless

it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

As noted above, Plaintiff has filed a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is

a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). While the evidence must be viewed in the light most favorable to the nonmoving party, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

In their motion to dismiss, Defendants contend that Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See also Booth v. Churner*, 121 S. Ct. 1819, 1823-24 (2001). A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Booth*, 121 S. Ct. at 1823; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 121 S. Ct. 634 (2000); *Hartsfield v. Vidor*, 199 F.3d 305, 308 (6th Cir. 1999); *Wyatt*, 193 F.3d at 878-79; *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).

Plaintiff's claims against the named defendants are the type of claim that may be grieved. *See* MDOC Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement"). A prisoner must specifically mention the

involved parties in the grievance to alert the prison officials of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 491, 505 (6th Cir. 2001).

A prisoner must allege and show that he has exhausted all available state remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available. *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 121 S. Ct. 634 (2000). A prisoner must make particularized averments as necessary for the district court to determine what, if any, claims have been exhausted or what has been done in an attempt to exhaust the claims. *Id.*

In their motion to dismiss, Defendants state that Plaintiff failed to attach copies of his grievance and/or grievance appeals regarding Defendant Nadeau to his complaint. In addition, Defendants note that although Plaintiff attaches copies of his step I, II and III grievances against Defendant Metrish to his complaint, he does not attach a copy of a step III response. Defendants assert that Prisoner Affairs shows no record that a step III appeal was in fact filed against Defendant Metrish. In response to Defendants' motion, Plaintiff states that he filed a "staff corruption" grievance directly to step III pursuant to Policy Directive 03.02.130, ¶R (effective 4/28/03). Plaintiff states that he has therefore complied with the exhaustion requirement.

In Defendants' "response to Plaintiff's motion in opposition to Defendants' motion to dismiss" (docket #24), they note that Prisoner Affairs responded to Plaintiff's attempts to file a grievance directly to step III on March 3, 2005. This response is attached as an exhibit to Plaintiff's complaint. In the response, Prisoner Affairs explained that Plaintiff's submissions were being

returned because he had failed to comply with the grievance policy. The response noted that, among other things, Plaintiff had failed to submit his complaint on a grievance form. The response further stated:

> Before we can process your step III appeal response, you will need to provide this office with the following information:
>
> 1) The white copy of the Prisoner/Parolee Grievance Form (CSJ-247A) or a legible reproduction of it where the original is no longer available.
>
> 2) The Step I response with all related attachments.
>
> 3) The Prisoner/Parolee Grievance Appeal Form (CSJ-247B).
>
> 4) The step II response and all related attachments.
>
> 5) Your reason for step III appeal.
>
> When you have all of the required documents, submit them to this office for a step III response. If you have any question, contact the grievance coordinator at your institution or consult PD 03.02.130 (revised 12/19/2003) or O.P. 03.02.130 (revised 12/19/2003). <u>Please return this letter (or a copy of it) with your grievance appeal as a record of your attempt to file this grievance in a timely manner.</u>

(*See* Defendants' "response to Plaintiff's motion in opposition to Defendants' motion to dismiss," p. 2, docket #24).

As noted by Defendants, Plaintiff attempted to file his grievance directly to step III. However, Plaintiff's attempt was returned to him and he was directed to file his grievance at step I. When a grievance that is returned with instruction to proceed at Step I, the inmate must file a Step I grievance and appeal any adverse decision to all levels. *Williams v. Norton*, No. 01-1445, 2001 WL

1450713, at *2 (6th Cir. Oct. 31, 2001). Therefore, the undersigned concludes that Plaintiff failed to exhaust his administrative remedies in this case.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997); *Bradford v. Moore*, No. 97-1909, 1998 WL 476206, at *1 (6th Cir. Aug. 3, 1998). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997). Accordingly, the undersigned recommends that Plaintiff's complaint be dismissed without prejudice.

In his motion for summary judgment, Plaintiff reiterates the allegations asserted in his complaint. Plaintiff appears to be claiming that because Defendants have not denied his factual allegations, his is entitled to summary judgment. However, as noted above, Plaintiff has failed to satisfy the exhaustion requirement set forth in 42 U.S.C. § 1997e(a). Therefore, if the court adopts the Report and Recommendation in this case, Plaintiff's motion for summary judgment is properly denied as moot.

In summary, in the opinion of the undersigned, Plaintiff's claims against Defendants are barred by the exhaustion requirement in 42 U.S.C. § 1997e(a). Accordingly, it is recommended that Defendants' Motion for Dismissal (docket #16) be granted and that this case be dismissed

without prejudice in its entirety. In addition, should the court adopt the Report and Recommendation in this case, Plaintiff's motion for summary judgment (#11) is properly denied as moot.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: November 21, 2006