UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

STACY M. SWIMP,

                Plaintiff,                          Case No. 2:06-CV-44

v.                                         HON. GORDON J. QUIST

LINDA METRISH, et al.,

                Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it the Plaintiff's objections to the Magistrate Judge's Report and Recommendation issued on November 21, 2006, which recommended that the Defendants' motion for dismissal be granted and the Plaintiff's complaint be dismissed without prejudice because the Plaintiff failed to exhaust his administrative remedies.  The magistrate judge also recommended that the Plaintiff's motion for summary judgment be denied as moot.  After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

The Plaintiff filed a supplement to his objections in which he asserted that the Supreme Court's recent decision in *Jones v. Bock*, --- U.S.---, 127 S. Ct. 910 (2007), is relevant to this matter. However, the Plaintiff's argument is misplaced.  Unlike in *Jones*, where the complaint was dismissed at the screening phase by the district court because the plaintiff failed to show exhaustion of administrative remedies, and not upon motion by either party, here the Defendants properly raised the exhaustion issue in their motion to dismiss. To the extent that the report and recommendation

discusses the standard of review of the exhaustion requirement rejected in *Jones*, that language is stricken by this Order.

The Plaintiff objects to the magistrate judge's determination that the Plaintiff did not exhaust available administrative remedies. The magistrate judge found that the Plaintiff attempted to directly file a step III grievance, was directed to proceed at step I, and never completed that grievance procedure. The Plaintiff concedes that his second attempt at filing a step III grievance may never have been filed. Therefore, the Plaintiff's objection has no merit and the magistrate judge did not err in concluding that the complaint should be dismissed without prejudice for failure to exhaust administrative remedies.

The Plaintiff's objections to the disposition of his motion for summary judgment have no merit. The magistrate judge properly noted that the Plaintiff's motion for summary judgment should be denied as moot due to the dismissal of the complaint for failure to exhaust administrative remedies.

Finally, the Plaintiff argues that he was not required to exhaust administrative remedies because his complaint did not concern "prison conditions." As noted in the Defendants' response to the Plaintiff's objections, the cases that the Plaintiff relies on in support of his proposition that claims of retaliatory conduct do not fall under "prison conditions" were overturned by the Supreme Court. *See Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983 (2002). In *Porter*, the Court found that claims relating to "prison conditions," including retaliation claims, are subject to the PLRA's exhaustion requirement. Because the Plaintiff was required to exhaust his administrative remedies, his failure to do so requires the dismissal of his complaint without prejudice pursuant to the Defendants' motion. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued on November 21, 2006 (docket no. 33), is **APPROVED AND ADOPTED** as the Opinion of this Court.  To the extent that the Report and Recommendation discusses the standard of review and pleading requirements for the exhaustion of administrative remedies rejected in *Jones v. Bock*, that language is **STRICKEN**.

**IT IS FURTHER ORDERED** that the Defendants' motion to dismiss (docket no. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's motion for summary judgment (docket no. 11) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

**This case is concluded**.


Dated:  March 9, 2007                                           /s/ Gordon J. Quist
                                                                         GORDON J. QUIST
                                                                UNITED STATES DISTRICT JUDGE